## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| KATRINA SINGER, individually and | ) | |
| On behalf of all others similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| ILLINOIS STATE PETROLEUM | ) | |
| CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

## CLASS ACTION COMPLAINT

Katrina Singer, hereinafter referred to as Plaintiff, brings this class action lawsuit against

Illinois State Petroleum Corporation, hereinafter referred to as Defendant.

### Jurisdiction and Venue

1.      Plaintiff brings this lawsuit pursuant to the Electronic Funds Transfer Act, 15

U.S.C. § 1693 *et seq.* and Regulation E, 12 C.F.R. § 205.1 *et seq.*

2.      This lawsuit presents a federal question and as such, jurisdiction arises under 28

U.S.C. § 1331.

3.      Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the

transactions at issue transpired in this district, Plaintiff resides in this District, and Defendant

transacts business here.

**The Parties**

4.       Plaintiff is a resident of this District.

5.       Illinois State Petroleum Corporation is an Illinois corporation that operates as a gas station in this District at 15901 Crawford Ave., Markham, Illinois 60428.

**Statutory and Regulatory Authority**

6.       The Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq*. ("EFTA"), and Regulation E, 12 C.F.R. § 205.1 *et seq*., require an automated teller machine ("ATM") operator to notify consumers that the operator will impose a fee and the amount of said fee if the consumer conducts a transaction at the ATM.   EFTA was enacted because Congress found that the use of electronic systems to transfer funds provides the potential for substantial benefits to consumers, but that existing law did not provide clear and adequate protections for those consumers.  *See* § 1693(a).

7.       15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) require that an ATM operator disclose that a fee will be imposed and the amount of said fee at a prominent location on or at the ATM *and* on the ATM screen.

8.       The EFTA, 15 U.S.C. § 1693b(d)(3)(C), and Regulation E, 12 C.F.R. § 205.16(e), prohibit the operator from imposing a fee on the consumer if the aforementioned notice requirements are not met.

**Facts**

9.       On September 26, 2012, plaintiff used ATM terminal TX017953, hereinafter referred to as ATM at Issue, which is located at 15901 Crawford Ave., Markham, IL.

10.      On September 26, 2012, plaintiff was charged $2.00 for withdrawing money from the ATM at Issue.

11.     On September 26, 2012, at the time plaintiff used the ATM at Issue, there was not a Posted Fee Notice posted on or near the ATM at Issue that notified consumers that a fee would be charged for transactions on or at the ATM at Issue.

12.     The posting of a fee on the outside of a machine is required in order to allow consumers to make an educated choice on whether to proceed with the transaction.  The EFTA recognizes that posting of a fee on the screen after a consumer has already entered her card information, password and amount to withdraw is insufficient.

**COUNT I**
**VIOLATION OF EFTA AND REGULATION E**

13.     Plaintiff incorporates the above factual paragraphs herein.

14.     Plaintiff brings this Count on behalf of herself and a class.

15.     Plaintiff defines the class as: (i) all natural persons within the state of Illinois (ii) who were charged a transaction fee by Defendant (iii) at the ATM at Issue (iv) while a Posted Fee Notice was not present on or at the ATM at Issue (v) between one year from the date of filing this action and 20 days after the date of filing.

16.     The class is so numerous that joinder is impracticable. On information and belief and based on the fact that the gas station at issue is a high volume store, there are more than 50 members of this class. The Defendant has exclusive possession of the actual number of putative class members.

17.     Questions of law and fact common to the Class predominate over any questions affecting only individual putative class members, including:

(a)     Pursuant to 15 U.S.C. § 1693b(d)(3)(A) and 12 C.F.R. § 205.16, Defendant was an ATM operator that charged a fee to consumers for providing host transfer services to Plaintiff and putative Class members; and

3

(b) Defendant failed to comply with the notice requirements of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when a fee was charged to consumers while a Posted Fee Notice was not affixed in a prominent location on or at the ATM at Issue.

18. Plaintiff's claims are typical of the claims of the putative Class members, including:

(a) Plaintiff and all putative Class members were charged a fee by operator for their use of the ATM at Issue;

(b) Defendant violated 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when Defendant failed to provide notice of the ATM fee to Plaintiff and all putative Class members; and

(c) Defendant imposed an illegal fee on Plaintiff and all putative Class members for their use of host transfer services at the ATM at Issue.

19. Plaintiff will fairly and adequately protect the interests of the class members. Plaintiff has retained counsel qualified and experienced in class action litigation.

20. Questions of law or fact common to the putative class predominate over any questions affecting only individual putative Class members, and a class action is superior to other available methods for the full and efficient adjudication of the controversy.

21. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c). The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the damages in an individual action for violation of EFTA are small.

22. Pursuant to 15 U.S.C. § 1693b(d)(3)(D)(i) and 12 C.F.R. § 205.16(a), Defendant was an ATM operator of the ATM at Issue at all times relevant to this action.

4

23.     Defendant failed to comply with the Posted Fee Notice requirement of 15 U.S.C. § 1693b(d)(3) and 12 C.F.R. § 205.16(c) when offering host transfer services at the ATM at Issue to Plaintiff and putative Class members.

24.     Defendant illegally imposed a fee in violation of 15 U.S.C. § 1693b(d)(3)(C) and 12 C.F.R. § 205.16(e) on Plaintiff and all putative Class members for their use of host transfer services at the ATM at Issue.

WHEREFORE, Plaintiff, individually and on behalf of the putative Class, respectfully requests that the Court Grant the following relief:

A.     Statutory damages as set forth in the EFTA and Regulation E and dismissal of the fees unlawfully charged;

B.     Costs and attorney fees provided by statute; and

C.     Any other relief the Court deems just.


Katrina Singer, Plaintiff,


By:     /s/ Keith J. Keogh
        Keith J. Keogh, One Of Her Attorneys

Keith J. Keogh
Craig Shapiro
Timothy Sostrin
Katherine M. Bowen
Keogh Law, Ltd.
101 North Wacker Drive, Suite 605
Chicago, Illinois 60606
312.726.1092 (office)
312.726.1093 (fax)